UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

Elia M. Leon
and other similarly
situated individuals,

    Plaintiff(s),

v.

NCB Management, Inc.
d/b/a McDonald's
Angel Veliz, and
Rene D. Veliz, individually,

    Defendants,
_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now Plaintiff Elia M. Leon and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants NCB Management, Inc d/b/a McDonald's, Angel Veliz, and Rene D. Veliz, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Elia M. Leon is a resident of Palm Beach County, Florida. Plaintiff worked in Dade County, within this Honorable Court jurisdiction, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant NCB Management, Inc d/b/a McDonald's (from now on McDonald's, or Defendant) is a Florida Profit Corporation performing business in Dade County, Florida, within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendants Angel Veliz and Rene D. Veliz were and are now the owners/partners/officers and directed operations of Defendant corporation McDonald's. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Elia M. Leon as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable Attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2020, (the "material time") without being adequately compensated.

7. Defendant NCB Management, Inc d/b/a McDonald's is a fast food franchise company that operates multiple McDonald's fast food restaurants.

8. Defendant McDonald's was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a franchise fast food restaurant operator. Defendant had more than two employees recurrently engaged in

commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing bookkeeping services to the business. Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. Therefore, there is FLSA individual coverage.

10. Defendant McDonald's, Angel Veliz, and Rene D. Veliz employed Plaintiff Elia M. Leon as a non-exempted, full-time bookkeeper from approximately October 01, 2017, to January 20, 2023, or more than five years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

11. Plaintiff worked under the supervision of the owners of the business, Angel Veliz and Rene D. Veliz.

12. Plaintiff had duties as a bookkeeper. Plaintiff was paid an annual salary of $73,250.00 for 2020 and $76,200.00 for 2021, 2022, and 2023. This salary was intended to cover 40 hours of work per week.

13. During the relevant time of employment with Defendants, Plaintiff worked for Defendants at the office, and after July 25, 2021, until her last day of employment, she worked at home. Plaintiff worked as follows:

14. 1.-  From February 2, 2020, to July 25, 2021 (77 weeks),  Plaintiff worked at the office. Plaintiff worked five days per week, from Monday to Friday, from 8:30 AM to 6:30 PM (10 hours daily), or 50 hours weekly.

15. Once per month, Plaintiff worked Saturdays from 9:00 AM to 2:00 PM (5 hours).

16. Consequently, in this period, Plaintiff worked 58 weeks of five days with 50 working hours and 19 weeks of six days with 55 working hours.

17. Plaintiff was paid a salary of 1,408.65 weekly in 2020 ($73,250:52 weeks=$1,408.65) and $1,465.38 weekly in 2021, 2022, and 2023 ($76,200.00:52=$1,465.38).

18. Plaintiff worked more than 40 hours, but she was not paid for overtime hours at the rate of one time and half her regular rate. Sometimes, Plaintiff was paid more than 40 hours, but at her regular rate.

19. 2.- From approximately July 26, 2021, to January 20, 2023 (78 weeks), Plaintiff worked at home

20. Plaintiff worked six days per week. From Monday to Friday, she worked from 8:30 AM to 6:30 PM (10 hours daily), or 50 hours weekly.

21. On Saturdays, Plaintiff worked from 9:00 AM to 1:00 PM (4 hours)

22. Plaintiff worked a total of six days with 54 hours weekly.

23. In this period, 2021 to 2023, Plaintiff was paid $1,465.38 weekly ($76,200.00:52=$1,465.38).

24. During her employment with Defendants, Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours at the rate of one time and a half her regular rate. Sometimes, Plaintiff was paid more than 40 hours, but at her regular rate.

25. Thus, Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours, as required by law.

26. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals, and they knew about the hours worked by Plaintiff.

27. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. Plaintiff was paid bi-weekly by direct deposits with paystubs that did not provide accurate information about the hours worked by Plaintiff.

29. Plaintiff disagreed with her extended working hours and the lack of payment for overtime hours, and she informed that she was working many unpaid hours.

30. Plaintiff complained several times to her manager Angel Veliz and Rene D. Veliz, about unpaid overtime hours.

31. On or about January 16, 2023, Plaintiff sent an e-mail to owner Rene D. Veliz. Plaintiff complained about the lack of payment for overtime hours. Plaintiff did not receive any answer to this e-mail.

32. On or about January 20, 2023, Rene D. Veliz called Plaintiff to inform that she was fired. Defendants offered Plaintiff a severance package of $12,498.29 in exchange for signing a severance agreement and general release, a voluntary resignation, and not collecting unemployment benefits. Plaintiff did not accept the severance package and refused to resign from her employment.

33. At times mentioned, individual Defendants Angel Veliz and Rene D. Veliz were, and are now, the owners/partners/managers of McDonald's. Defendants Angel Veliz and Rene D.

Veliz were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in McDonald's interests concerning its employees, including Plaintiff and other similarly situated employees. Defendants Angel Veliz and Rene D. Veliz had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

34. Plaintiff Elia M. Leon seeks to recover unpaid overtime wages for every hour worked over 40 during her entire period of employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

35. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

36. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

37. This action is intended to include every bookkeeper and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

38. Plaintiff Elia M. Leon re-adopts every factual allegation stated in paragraphs 1-37 above as if set out in full herein.

39. Defendant McDonald's, Angel Veliz, and Rene D. Veliz employed Plaintiff Elia M. Leon as a non-exempted, full-time bookkeeper from approximately October 01, 2017, to January 20, 2023, or more than five years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

40. Plaintiff had duties as a bookkeeper. Plaintiff was paid an annual salary of $73,250.00 for 2020 and $76,200.00 for 2021, 2022, and 2023. This salary was intended to cover 40 hours of work weekly.

41. During the relevant time of employment with Defendants, Plaintiff worked for Defendants at the office and then at home. Plaintiff worked as follows:

42. <u>1.-  From February 2, 2020, to July 25, 2021 (77 weeks),  Plaintiff worked at the office.</u> Plaintiff worked from Monday to Friday, from 8:30 AM to 6:30 PM (10 hours daily), or 50 hours weekly.

43. Once per month, Plaintiff worked Saturdays from 9:00 AM to 2:00 PM (5 hours).

44. Consequently, in this period, Plaintiff worked 58 weeks of five days with 50 hours weekly and 19 weeks of six days with 55 hours weekly.

45. Plaintiff was paid during 2020, a salary of 1,408.65 weekly ($73,250:52 weeks=$1,408.65, and during 202, 2022, and 2023, a salary of $1,465.38 weekly ($76,200.00:52=$1,465.38).

46. Plaintiff worked more than 40 hours, but she was not paid for overtime hours at one time and half her regular rate. Sometimes, Plaintiff was paid more than 40 hours, but at her regular rate.

47. <u>2.- From approximately July 26, 2021, to January 20, 2023 (78 weeks), Plaintiff worked at home</u>

48. Plaintiff worked six days per week. From Monday to Friday, she worked from 8:30 AM to 6:30 PM (10 hours daily), or 50 hours weekly.

49. On Saturdays, Plaintiff worked from 9:00 AM to 1:00 PM (4 hours)

50. While working at home, Plaintiff worked a total of six days with 54 hours weekly.

51. In this period, 2021 to 2023, Plaintiff was paid $1,465.38 weekly ($76,200.00:52=$1,465.38).

52. Plaintiff worked more than 40 hours, but she was not paid for overtime hours at one time and half her regular rate. Sometimes, Plaintiff was paid more than 40 hours, but at her regular rate.

53. During her time of employment with Defendants, Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours, as required by law.

54. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals, and they knew about the hours worked by Plaintiff.

55. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

56. Plaintiff was paid bi-weekly by direct deposits with paystubs that did not provide accurate information about the hours worked by Plaintiff.

57. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

58. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

60. Plaintiff is not in possession of time records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. Total amount of alleged unpaid O/T wages:

       Twenty-Seven Thousand Eight Hundred Forty-Six Dollars and 64/100 ($27,846.64)

    b. Calculation of such wages:

       Total period of employment: More than 5 years
       Relevant weeks of employment:  155 weeks

       **1.- O/T from February 2, 2020, to July 25, 2021-worked at the office (77 weeks)**

       Relevant weeks: 77 weeks

       i. Overtime from February 2, 2020, to December 31, 2020=48 weeks
          Paid at $1,408.65 weekly

          -36 weeks of five days of work from Monday to Friday
          Total number of days worked: 5 days weekly
          Total number of hours worked: 50 hours weekly
          Total number of unpaid O/T hours: 10 O/T hours
          Salary paid: $73,250.00 yearly:52 weeks=$1,408.65 weekly
          Salary: $1,408.65: 50 hours per week=$28.17
          Regular rate: $28.17 x 1.5=$42.26 O/T rate-$28.17 rate paid=$14.09 Diff.
          Half-time overtime: $14.09

          Half-time $14.09 x 10 O/T hours=$140.90 weekly x 36 weeks=$5,072.40

          -12 weeks of 6 days of work from Monday to Saturdays
          Total number of days worked: 6 days weekly
          Total number of hours worked: 55 hours weekly

      Total number of unpaid O/T hours: 15 O/T hours
      Salary paid: $73,250.00 yearly:52 weeks=$1,408.65 weekly
      Salary: $1,408.65: 55 hours per week=$25.61
      Regular rate: $25.61 x 1.5=$38.42 O/T rate-$25.61 rate paid=$12.81 Diff.
      Half-time overtime: $12.81

      Half-time $12.81 x 15 O/T hours=$192.15 weekly x 12 weeks=$2,305.80

  ii.    Overtime from January 01, 2021, to July 25, 2021=29 weeks
       Paid at $1,465.38 weekly

       -22 weeks of five days of work from Monday to Friday
       Total number of days worked: 5 days weekly
       Total number of hours worked: 50 hours weekly
       Total number of unpaid O/T hours: 10 O/T hours
       Salary paid: $76,200.00 yearly:52 weeks=$1,465.38 weekly
       Salary: $1,465.38: 50 hours per week=$29.31
       Regular rate: $29.31 x 1.5=$43.97 O/T rate-$29.31 rate paid=$14.66 Diff.
       Half-time overtime: $14.66

       Half-time $14.66 x 10 O/T hours=$146.60 weekly x 29 weeks=$4,251.40

       -7 weeks of six days of work from Monday to Saturday

       Total number of days worked: 6 days weekly
       Total number of hours worked: 55 hours weekly
       Total number of unpaid O/T hours: 15 O/T hours
       Salary paid: $76,200.00 yearly:52 weeks=$1,465.38 weekly
       Salary: $1,465.38: 55 hours per week=$26.64
       Regular rate: $26.64 x 1.5=$39.96 O/T rate-$29.31 rate paid=$13.32 Diff.
       Half-time overtime: $13.32

       Half-time $13.32 x 15 O/T hours=$199.80 weekly x 7 weeks=$1,398.60

       Sub-total for O/T hours worked at the office: $13,028.20

**2.- <u>O/T from July 26, 2021, to January 20, 2023-worked at home (78 weeks)</u>**

       Total number of days worked: 6 days weekly
       Total number of hours worked: 54 hours weekly
       Total number of unpaid O/T hours: 14 O/T hours
       Salary paid: $76,200.00 yearly:52 weeks=$1,465.38 weekly
       Salary: $1,465.38: 54 hours per week=$27.14
       Regular rate: $27.14 x 1.5=$40.71 O/T rate-$27.14 rate paid=$13.57 Diff.
       Half-time overtime: $13.57

    Half-time $13.57 x 14 O/T hours=$189.98 weekly x 78 weeks=$14,818.44

 Total #1 and #2: $27,846.64

  c. <u>Nature of wages (e.g., overtime or straight time):</u>

 This amount represents unpaid half-time overtime wages.[1]

61. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

62. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

63. Defendants McDonald's, Angel Veliz, and Rene D. Veliz willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

64. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action, and she is obligated to pay a reasonable Attorney's fee.

<u>Prayer for Relief</u>

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

Wherefore, Plaintiff Elia M. Leon and those similarly situated respectfully request that this Honorable Court:

- A. Enter judgment for Plaintiff Elia M. Leon and other similarly situated individuals and against the Defendants McDonald's, Angel Veliz, and Rene D. Veliz based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

- B. Award Plaintiff Elia M. Leon actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

- C. Award Plaintiff an equal amount in double damages/liquidated damages; and

- D. Award Plaintiff reasonable attorney's fees and costs of suit; and

- E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Elia M. Leon demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

65. Plaintiff Elia M. Leon re-adopts every factual allegation stated in paragraphs 1-37 of this Complaint as if set out in full herein.

66. Defendant McDonald'swas and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

67. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

68. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. Defendant McDonald's, Angel Veliz, and Rene D. Veliz employed Plaintiff Elia M. Leon as a non-exempted, full-time bookkeeper from approximately October 01, 2017, to January 20, 2023, or more than five years. However, for FLSA purposes, Plaintiff's relevant period of employment is 155 weeks.

71. Plaintiff had duties as a bookkeeper. Plaintiff was paid an annual salary of $73,250.00 for 2020 and $76,200.00 for 2021, 2022, and 2023. This salary was intended to cover 40 hours of work weekly.

72. During the relevant time of employment with Defendants, Plaintiff worked for Defendants at the office and then at home. Plaintiff worked as follows:

73. <u>1.-  From February 2, 2020, to July 25, 2021, (77 weeks),  Plaintiff worked at the office.</u> Plaintiff worked five days per week, a total of 50 hours weekly.

74. Once per month, Plaintiff worked Saturdays 5 hours.

75. Consequently, in this period, Plaintiff worked 58 weeks of five days with 50 hours weekly and 19 weeks of six days with 55 hours weekly.

76. Plaintiff was paid during 2020, a salary of 1,408.65 weekly ($73,250:52 weeks=$1,408.65, and during 202, 2022, and 2023, a salary of  $1,465.38 weekly ($76,200.00:52=$1,465.38).

77. Plaintiff worked more than 40 hours, but she was not paid for overtime hours at one time and half her regular rate.

78. <u>2.- From approximately July 26, 2021, to January 20, 2023 (78 weeks), Plaintiff worked at home</u>

79. While working at home, Plaintiff worked a total of six days with 54 hours weekly.

80. In this period, 2021 to 2023, Plaintiff was paid $1,465.38 weekly ($76,200.00:52=$1,465.38).

81. Plaintiff worked more than 40 hours, but she was not paid for overtime hours at one time and half her regular rate.

82. During her time of employment with Defendants, Plaintiff worked more than 40 hours weekly, but she was not paid for overtime hours, as required by law.

83. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals, and they knew about the hours worked by Plaintiff.

84. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

85. Plaintiff was paid bi-weekly by direct deposits with paystubs that did not provide accurate information about the hours worked by Plaintiff.

86. Plaintiff disagreed with her extended working hours and the lack of payment for overtime hours, and she informed Defendants that she was working many unpaid hours.

87. Plaintiff complained several times to her managers and owners of the business Angel Veliz and Rene D. Veliz, about unpaid overtime hours.

88. On or about January 16, 2023, Plaintiff sent an e-mail to owner Rene D. Veliz. Plaintiff complained about the lack of payment for overtime hours.

89. This complaint constituted protected activity under the FLSA.

90. Plaintiff did not receive any answer to this e-mail.

91. However, on or about January 20, 2023, Rene D. Veliz called Plaintiff to inform that she was fired. Defendants offered Plaintiff a severance package of $12,498.29 in exchange for signing a severance agreement and general release. Defendants requested Plaintiff a voluntary resignation from her employment and demanded Plaintiff not to collect unemployment benefits. Plaintiff did not accept the severance package and refused to resign from her employment.

92. On or about January 20, 2023, Plaintiff was fired by Defendants.

93. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

94. There is close proximity between Plaintiff's protected activity and her termination.

95. The motivating factor which caused Plaintiff's discharge, as described above, was her complaints seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid overtime wages.

96. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

97. Plaintiff Elia M. Leon has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Elia M. Leon respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants McDonald's, Angel Veliz, and Rene D. Veliz that Plaintiff Elia M. Leon recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants McDonald's, Angel Veliz, and Rene D. Veliz to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Elia M. Leon further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Elia M. Leon demands a trial by a jury of all issues triable as a right by a jury.

Date: February 2, 2023

Respectfully submitted,

By: __/s/ Zandro E. Palma____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*